ROLAND G. HAZARD *vs.* CHARLES HODGES and others.

1. In the absence of fraud or unfair practice, erroneous information of the day fixed for a sale of mortgaged premises will not operate to set aside the sale on the ground of surprise, where the mistake was corrected, and the party informed of the hour of sale in ample time to have been present, if he had so elected.

2. Where the complainant in execution has become the purchaser of the mortgaged premises, at a sum less than the amount due upon the execution, the sale will not be opened and a re-sale ordered, unless the petitioner will undertake, upon the re-sale, to bid the amount due on the execution.

This case was heard upon the argument of the rule to show cause, upon motion to set aside the sheriff's sale, and that a new sale be ordered.

*Mr. Keasbey*, for Brown Brothers & Co., the petitioners, in support of the rule.

*Mr. Gledhill*, for complainant, contra.

THE CHANCELLOR. The sale in question was made under a decree for the foreclosure and sale of mortgaged premises. The complainant became the purchaser for $3050. The amount due upon the decree exceeded $12,400. The premises had been previously sold under a second mortgage to Brown Brothers & Co., and conveyed to John N. Whiting, their attorney, for their benefit. At the time of the sale under Hazard's mortgage, the title to the equity of redemption remained in Whiting, who was in possession of the premises. Brown Brothers & Co. now ask that the sale under Hazard's decree be set aside on the ground of surprise. The case made by the petition is, that the sale had been regularly advertised, and adjourned to the 27th of February, 1864. On that day the attorney of the petitioners went to Paterson, for the purpose of attending the sale, and was there erroneously informed by the sheriff that the sale had been adjourned, not to that day, but to the 5th of March, a week later. Relying upon this information, Whiting took the train to return to New York. On arriving at Jersey City, he received a telegram stating that the sale would take place, and requesting him to return. He did not return. The sheriff in his absence proceeded to a sale, and the premises were purchased by the complainant for $3050. The

petition alleges, and it is not denied, that they are worth $15,000.

There is no ground for the imputation of fraud or unfair practice. The sheriff acted under an honest mistake, relying upon a supposed entry in his docket. As soon as the mistake was discovered, a dispatch was sent at the sheriff's request, and delivered to Whiting, at Jersey City, stating that the sheriff had been mistaken, that the sale would be made, and desiring his return. The sale was not made until after the arrival of a train at Paterson, by which he might have returned and been present at the sale. Instead of returning, he sent the following telegram to his agent at Paterson: "To Isaac Van Wagoner. Message too late. Let sheriff sell at peril—if he sells, give my notice in full." Van Wagoner attended the sale, and before it was made, gave notice that Whiting had bought the property at sheriff's sale, and claimed to own it. He forbid the sale in Whiting's name, and said the sheriff would sell at his peril. The sale nevertheless proceeded, and the premises were struck off to the complainant in execution before five o'clock.

It is clear that the mistake of the sheriff was corrected in time to have enabled the attorney of the petitioners to be present at the sale. He was in fact represented at the sale by his agent, who acted and gave notice pursuant to his instructions. It appears, moreover, from the evidence, that the sale had been previously adjourned on two occasions, at the request of Van Wagoner, acting in behalf of Whiting. That Whiting was not personally present on either occasion. That on the 30th of January, to which time the sale had been adjourned, Van Wagoner was instructed to procure another adjournment, if possible; and if not, to forbid the sale. The sale was adjourned in pursuance of a request made under that instruction.

The attorney of the petitioners, then, was not prevented from being personally present at the sale. He was represented by his agent, who literally obeyed his instructions. Nor does it appear that the attorney intended, or that the

L *

petitioners are now willing to give more for the property than was bid by the complainant. If they are, it can be of no avail to open the sale, unless they are willing to bid beyond the amount due on the complainant's execution. It is admitted that the petitioners purchased and hold the premises, subject to the complainant's mortgage. It is not suggested that the amount for which the execution issued is not justly due, or that the complainant in execution is not entitled to have that amount satisfied out of the premises. It can be of no avail to open the sale, unless the petitioners are willing to bid that amount upon a re-sale. The petitioners allege that the premises are worth $15,000. It will, therefore, be ordered, upon the petitioners' undertaking upon a re-sale being made, to bid the amount due on the complainant's execution, that the sale be set aside, and the premises resold. If the petitioners decline to make this stipulation, the rule to show cause must be discharged.